IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ARTHUR CULBRETH, ) | |
| AIS #214203, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-886-RAH-KFP |
| ) | |
| JOHN CROW, et al., ) | |
| ) | |
| Respondents. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Petitioner James Arthur Culbreth, a state inmate at Easterling Correctional Facility in Clio, Alabama, filed this pro se action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Culbreth challenges his convictions for first-degree sodomy entered against him in 2000 by the Circuit Court of Montgomery County. Culbreth is serving a life sentence for these convictions. As explained below, this Court finds Culbreth's self-described § 2241 petition constitutes a successive § 2254 petition for writ of habeas corpus filed without the required appellate court permission.

**I.   BACKGROUND**

During the April 1999 session of the Montgomery County Grand Jury, Culbreth was indicted in two separate three-count indictments. Counts I and II of each indictment charged Culbreth with two separate counts of first-degree sodomy, and Count III of each indictment charged Culbreath with one count of enticing a child. After Culbreth entered pleas of not guilty to both indictments, the indictments were consolidated for trial. On

September 26, 2000, a jury convicted Culbreth of the charges in the indictments. On October 5, 2000, the trial court granted the State's request to *nolle prosse* the convictions returned against Culbreth on the offenses charged in Count II of each indictment. The trial court sentenced Culbreth on November 14, 2000, to life in prison on two counts of first-degree sodomy (as charged in Count I of each indictment) and five years' imprisonment on the two counts of enticing a child (as charged in Count III of each indictment). The trial court directed all sentences to run concurrently.

In his present petition, Culbreth argues that the trial court's grant of the State's request to *nolle prosse* the convictions returned against him on the offenses charged in Count II of each indictment operated as an "acquittal" of the offenses charged in Count I of each indictment, i.e., the two counts of first-degree sodomy for which he is serving a life sentence. *See* Docs. 1, 2. He maintains he is therefore entitled to be released from prison.

## II. DISCUSSION

Culbreth challenges his state convictions and sentence, and he is in custody under the judgment of an Alabama court. Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed under 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this Court must apply the procedural restrictions applicable to § 2254 petitions to Culbreth's petition.[1]

---

[1] On November 9, 2020, this Court entered an Order finding Culbreth's petition should be construed as one filed under 28 U.S.C. § 2254 and that this case would proceed accordingly. Doc. 3.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B), (C).

This Court's records indicate that in February 2003, Culbreth filed a habeas petition under 28 U.S.C. § 2254 challenging the same convictions and sentence he challenges by his instant petition. *See Culbreth v. Price*, Civil Action No. 2:03cv218-MEF. In that prior habeas action, this Court denied Culbreth's petition and dismissed the action with prejudice. *See id.*, Docs. 26, 31, 32. The final judgment was entered by the district court on April 27, 2005. Culbreth's instant petition, therefore, is a successive application for habeas corpus relief under 28 U.S.C. § 2254.

---

[2] Section 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Culbreth furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed on his successive application for habeas corpus relief. Because this undertaking is a successive § 2254 petition and because Culbreth has not obtained permission from the appellate court to file a successive § 2254 petition, this Court lacks jurisdiction to consider Culbreth's claims. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, Culbreth's petition is due to be dismissed for lack of jurisdiction. *Id.* at 934.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Culbreth's 28 U.S.C. § 2254 petition be DISMISSED for lack of jurisdiction, as Culbreth has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that **on or before November 30, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 12th day of November, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE