IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ARTHUR CULBRETH, <br> AIS # 214203, <br><br> Petitioner, <br><br> v. <br><br> JOHN CROW, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 2:20-CV-886-RAH <br> ) (WO) <br> ) <br> ) <br> ) |

## **ORDER**

On October 30, 2020, Petitioner James Arthur Culbreth ("the Petitioner" or "Culbreth"), a state inmate at Easterling Correctional Facility, filed this pro se action as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), challenging his convictions for first-degree sodomy entered against him by the Circuit Court of Montgomery County, Alabama in 2000. The Petitioner is serving a life sentence for these convictions.  The Magistrate Judge entered an order construing the purported § 2241 petition as a petition filed pursuant to 28 U.S.C. § 2254.  (Doc. 3.)  On November 12, 2020, the Magistrate Judge recommended that the Petitioner's 28 U.S.C. § 2254 petition be dismissed for lack of jurisdiction, as Culbreth has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application. (Doc. 4.)

On November 16, 2020, the Petitioner filed the Motion to Reconsider/Motion

to Dismiss 28 U.S.C. § 2241 Petition Without Prejudice. (Doc. 5.) On November 20, 2020, he also filed Objections (Doc. 6) to the Magistrate Judge's Recommendation and an addendum (Doc. 7).

In the Motion to Reconsider, the Petitioner asserts the Magistrate Judge erred in determining that his § 2241 petition constitutes a successive § 2254 petition for writ of habeas corpus. Throughout the Petition, however, the Petitioner challenges the basis of his state conviction and sentence. Thus, this Court agrees with the Magistrate Judge's determination that the Petitioner's self-described § 2241 petition should be construed as a § 2254 petition. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) (holding the authority to grant habeas relief to state prisoners is limited by § 2254).

Because the Court construes the Petition as a § 2254 Petition, it is unnecessary for the Court to consider the Petitioner's Motion to Withdraw § 2241 Petition. Moreover, the Petitioner presents inconsistent arguments. After filing his motion to dismiss the § 2241 petition without prejudice, he filed Objections (Doc. 6) and an Addendum to the Objections (Doc. 7), in which he again challenges his state convictions and sentence. Upon review of the arguments presented by Petitioner, it is clear he is proceeding under 28 U.S.C. § 2254.

Upon conducting an independent and de novo review of the record, the Court likewise concludes the Petitioner's Objections are without merit. In February 2003,

the Petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging the same convictions and sentence he challenges in the instant petition. *See Culbreth v. Price*, Civil Action No. 2:03cv218-MEF, Middle District of Alabama. In the prior habeas action, the court denied Culbreth's petition and dismissed the action with prejudice. *Id.* On April 27, 2005, the court entered its final judgment. The Petitioner's instant petition, therefore, is a successive petition for habeas corpus relief under 28 U.S.C. § 2254. The Petitioner did not seek an order authorizing this Court to consider a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, it be and is hereby

ORDERED as follows:

(1) The Motion to Reconsider/Motion to Dismiss 28 U.S.C. § 2241 Petition Without Prejudice (Doc. 5) is DENIED.

(2) The OBJECTIONS (Doc. 6) are OVERRULED.

(3) The Magistrate Judge's Report and Recommendation (Doc. 4) to DISMISS the 28 U.S.C. § 2254 petition for lack of jurisdiction is ADOPTED.

A separate final judgment will be entered.

DONE, this 7th day of December, 2020.

        /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE